UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| DOLORES ANGELES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO:   4:22-cv-00033 |
| | ) |
| INDIANA PACKERS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff, Dolores Angeles ("Angeles"), brings this action against Defendant, Indiana Packers Corporation ("Defendant"), for unlawfully violating her rights as protected by Title VII of the Civil Rights Act of 1964 ("Title VII").

**PARTIES**

2. Angeles has resided within the Northern District of Indiana at all relevant times.

3. Defendant is a corporation doing business within the Northern District of Indiana.

**JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988; and 42 U.S.C. § 2000e-5(f)(3).

5. Angeles is an "employee" within the meaning of 42 U.S.C. § 2000e(f).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

7. Angeles satisfied her obligations to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. The

EEOC issued a right-to-sue notice to Angeles. She now timely files her lawsuit.

8. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

9. Angeles is female.

10. Defendant hired Angeles in or about February 1996.

11. Defendant promoted Angeles to Lead Supervisor on the Kill Floor in or about 2014.

12. Angeles reported to Kill Floor Superintendent Octovais Carmichael ("Carmichael") at all relevant times.

13. Angeles' work performance met or exceeded Defendant's legitimate expectations at all relevant times.

14. Jesus Gonzalez ("Gonzalez"), a male Inspector with the United States Department of Agriculture, created a sexually-hostile work environment for Angeles.

15. The harassment was severe or pervasive and altered the terms and conditions of her employment. Gonzalez made multiple offensive sexual comments to her. For instance, Gonzalez asked her multiple times to go out with him on dates and other times to have ice cream with him. He told her, as he looked down at himself, that something down below – a reference to his penis – kept growing. Gonzalez also snuck up behind her and grabbed her lower leg. She rejected Gonzalez's unwanted advances.

16. Gonzalez also had sexually harassed Tracy King and Shae Savoie ("Savoie"), including grabbing Savoie's breasts.

17. Angeles complained several times about Gonzalez's sexual harassment of her to the USDA on-site Supervisor.

18. Angeles also complained about the harassment several times to Carmichael. Carmichael responded to her complaints by telling her to go have ice cream with him and that she was a beautiful and dependable lady, which men like. Carmichael's sexual comments were offensive and discriminatory.

19. The sexual harassment continued despite Angeles' statutorily-protected complaints. Gonzalez continued to harass her sexually. He also engaged in retaliatory harassment of her after she had complained by repeatedly shutting her lines down. The retaliatory harassment was severe or pervasive and altered the terms and conditions of her employment. She complained about the retaliatory harassment to Carmichael, but Defendant took no action to remedy the hostile work environment.

20. In or about January 2021, Carmichael accused Angeles of forcing Jaime Cardenas ("Cardenas") to transfer apartments because of their alleged "relationship." She denied being in a relationship with Cardenas. Cardenas likewise denied being in any relationship with Angeles. She then complained to Defendant's Human Resources about Carmichael's harassment of her. In or about late January 2021, Carmichael gave a "thank you" box to her, which she reported to Human Resources as being inappropriate in the workplace. The Human Resources representative advised her that the box was simply Carmichael's way of apologizing to her.

21. Defendant, through Carmichael, took retaliatory actions against Angeles because of her statutorily-protected complaints, including, but not limited to, not approving her vacation requests in a manner consistent with Defendant's vacation policy. Defendant took these actions to discourage Angeles from engaging in statutorily-protected conduct.

22. Carmichael took other retaliatory actions against Angeles. For instance, in or about

April 2021, he grabbed Angeles by the forearms, even though they were facing each other when talking. On another occasion, Carmichael placed his hands on Angeles' lower back when they were talking side by side. Carmichael ignored legitimate work opinions proffered by Angeles. Angeles reported Carmichael's unacceptable behavior to Defendant on multiple occasions.

23. Defendant has accorded more favorable employment terms and conditions to similarly-situated management employees outside her protected classes.

24. Defendant has taken adverse employment actions against Angeles because of her gender/sex and/or statutorily-protected activities.

25. All reasons proffered by Defendant for adverse actions it has taken regarding Angeles' employment are pretextual.

26. Angeles has suffered injury and harm as a result of Defendant's unlawful actions, including, but not limited to, emotional distress, inconvenience, humiliation, embarrassment, anger, disgust, frustration, and similar emotions.

## COUNT I

## SEX HARASSMENT – TITLE VII

27. Angeles hereby incorporates paragraphs 1-26 of her Complaint.

28. Defendant created a sexually-hostile work environment for Angeles.

29. Defendant took no legitimate actions designed to remedy the hostile work environment.

30. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Angeles' rights as protected by Title VII.

## COUNT II

## RETALIATION – TITLE VII

31. Angeles hereby incorporates paragraphs 1-30 of her Complaint.

32. Angeles engaged in statutorily-protected activities.

33. Defendant took adverse employment actions against Angeles because of her statutorily-protected conduct.

34. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Angeles' rights as protected by Title VII.

## COUNT III

## SEX DISCRIMINATION – TITLE VII

35. Angeles hereby incorporates paragraphs 1-34 of her Complaint.

36. Defendant has taken adverse employment actions against Angeles because of her gender/sex.

37. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Angeles' rights as protected by Title VII.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Dolores Angeles, by counsel, respectfully requests that this Court find for her and order that:

1. Defendant be enjoined from continuing to violate Angeles' rights as protected by Title VII;

2. Defendant pay compensatory and punitive damages to Angeles;

3. Defendant pay pre- and post-judgment interest to Angeles;

4. Defendant pay Angeles' attorneys' fees and costs incurred in litigating this action; and

5. Defendant pay to Angeles any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49

*s/ Paul A. Logan*
Paul A. Logan, Attorney No.17661-02

Attorneys for Plaintiff
Dolores Angeles

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone: (317)955-9500
Facsimile: (317)955-2570
Email: jhaskin@jhaskinlaw.com
plogan@jhaskinlaw.com

## DEMAND FOR JURY TRIAL

Plaintiff, Dolores Angeles, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49